UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MIRIAM C. DICKENS,<br><br>Plaintiff,<br><br>v.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>Defendants. | Case No.: 18cv1271-LAB (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

In an earlier case, 17cv1610, *Dickens v. NBS Default Services, LLC*, et al., Plaintiff Ana Miriam Dickens, *pro se*, brought eleven claims in state court against Defendants NBS Default Services, LLC; Wells Fargo Bank, N.A.; and World Savings Bank, FSB. All claims arose out of or were closely related to a foreclosure sale of her home in this District. Defendants removed, then moved to dismiss for failure to state a claim. The Court granted the motion and dismissed the complaint, identifying many defects. The Court told Dickens to file an *ex parte* motion to seek leave to amend if she thought she could correct the defects, and cautioned her that if she failed to seek leave to amend the case could be dismissed. She never sought leave to amend, however.

/ / /

The Court construed her refusal to try to amend as an abandonment of her claims or an admission that she could not successfully amend, and dismissed the action with prejudice on April 9, 2018.

Dickens did not appeal the dismissal, and the judgment in that case is now final. Instead, less than a month later, she filed an extremely similar *pro se* complaint again in state court. The case concerned the same property, was brought against the same Defendants, and was based on the same factual allegations. The only difference of any significance was that Dickens dropped two claims and added three: breach of written contract, breach of the implied covenant of good faith and fair dealing, and cancellation of written instruments. Although these claims were nominally brought under a different theory, the facts alleged in support of them—and in support of the complaint as a whole—are virtually identical. Dickens has added a few conclusory allegations (*e.g.*, that Defendants planned to drive her into foreclosure so they could acquire her house at a bargain price, and acted with an intent to defraud and injure her), but nothing specific or substantial.

Defendants removed the case again, and moved to dismiss on the basis of *res judicata*, as well as failure to state a claim.

**Jurisdiction**

In her opposition to the motion to dismiss, Dickens argues that the Court lacks jurisdiction, because some of the Defendants, like her, are California citizens. The Court has a continuing obligation to confirm its own jurisdiction. *East Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1239 n.6 (9th Cir. 2018).

None of the named Defendants are California citizens. Defendants not only alleged their own citizenship, but also provided documentation of it. Wells Fargo is a citizen of South Dakota. NBS Default Services, LLC is a citizen of Delaware and Texas. And, as the Court found in the previous case, Wells Fargo, through a series of name changes and mergers, is the successor to World Savings Bank,

and is therefore the real party in interest.[1] (Docket no. 11 in case 17cv1610, at 4:7–22.) The notice of removal makes the same showing of diversity jurisdiction here. Contrary to Dickens' assertion, the citizenship of "Doe" defendants is disregarded for purposes of removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1). Furthermore, Dickens has never alleged that she knows who any of the "Doe" Defendants are, or even whether they exist.

Satisfied that it has jurisdiction, the Court can proceed to the merits.

**Judicial Notice**

Under Fed. R. Evid. 201(c)(2), at a party's request the Court must take notice of adjudicative facts, if provided with the necessary information. Defendants' motion to dismiss is accompanied by a request for judicial notice asking the Court to take notice of the same eight documents as in case 17cv1610, plus certain documents from the docket of that case. Dickens has not opposed any of the requests. She disagrees with representations made in some of the documents and argues about their effect. For example, she argues that the Notice of Trustee's sale (Exhibit H) fails to credit her for payments she made and therefore overstates her default. She also argues that it is therefore defective and "of no force and effect." But she does not question the authenticity of any of the documents. In fact, she cites and relies on many of the same documents herself.

The Court can also take judicial notice of its own records. *See United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Ent't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). She agrees that she and

///

---

[1] When two entities merge before suit is filed, the citizenship of the successor is determinative for purposes of diversity jurisdiction. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (citing *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548–49 (7th Cir. 1975)).

Defendants were parties to case 17cv1610, and has herself discussed the Court's records in that case.

The only exhibit that is not properly the subject of judicial notice is Exhibit C, a letter from the Office of Thrift Supervision authorizing World Savings Bank, FSB to amend its charter and bylaws to change its name to Wachovia Mortgage. While the letter itself cannot be noticed, the fact of World Savings Bank's name change is well-documented in public records and can be noticed. *See, e.g., Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 967 (9th Cir. 2017) (reciting the history of Wachovia and World Savings Bank); *Rucker v. Wells Fargo Bank, N.A.*, 605 Fed. Appx. 670 (9th Cir. 2015) (in the case caption, identifying Wells Fargo as "Successor by Merger with Wachovia Mortgage FSB formerly World Savings Bank FSB"). Furthermore, the Court held in case 17cv1610 that World Savings Bank had changed its name to Wachovia Mortgage and there is no reason to revisit that ruling here.

The request for judicial notice is **GRANTED IN PART** as to Exhibit C, as noted. And the request is **GRANTED** as to all other exhibits.

**Legal Standards**

A motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id.* at 558 (citation omitted). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Supreme Court has rejected the "any set of facts" standard Dickens cites. *See Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 335 U.S. 41 (1957)).

/ / /

When determining whether a complaint states a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. C*edars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

Because she is proceeding *pro se*, the Court construes Dickens' pleadings liberally. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988). But the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). And the Court will not assume she can prove facts she has not alleged. *See Assoc. Gen'l Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**Discussion: Res Judicata**

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002). *See also Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896 (2002) ("Res judicata . . . prevents relitigation of the same cause of action in a second suit between the same parties . . . .") A new claim is also subject to res judicata if it could have been brought in the earlier suit. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003); *Mycogen*, 28 Cal.4th at 897. The application of this doctrine is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*,

440 U.S. 147, 153–54 (1979)). It protects various important public and private interests, such as judicial economy, avoiding inconsistent results, shielding litigants from harassment by repetitive actions, and promoting finality. *Montana*, 440 U.S. at 153–54; *Mycogen*, 28 Cal.4th at 897.

There is no question that requirements for application of res judicata are met to most of Dickens' claims, and she admits as much. (*See* Opp'n to Mot. to Dismiss (Docket no. 8) at 8:3–9:1.) Instead, she argues that it does not apply to three new claims she added in her new case, for breach of written contract, breach of the implied covenant of good faith and fair dealing, and cancellation of written instruments. She argues that these are new claims whose factual basis could not have been discovered earlier, and that the doctrine of fraudulent concealment provides an exception to res judicata. She then argues that because of "fraudulent concealment," the "manifest injustice" exception to res judicata applies and her entire case should be allowed to go forward. (*Id.* at 9:7–16.) She also appears to be arguing that the presence of three new claims salvages the rest of her claims too. (*Id.* at 9:1.)

The biggest problem with this argument is that Dickens' new complaint is essentially a rehash of her old one. The general factual allegations are virtually identical. The old complaint's introductory section has two paragraphs not found in the new one, and the new complaint has two paragraphs (which are later repeated) not found in the old one. But none of the differences are really substantial, nor are they based on any new facts.

Moreover, the factual allegations in support of each of the three claims consist of repetitions of earlier allegations, or unsupported conclusions. The new complaint does not support the three new claims with any new facts at all. It makes some new conclusory allegations about Defendants' nefarious and fraudulent intent. But there is not even one new fact, much less a fact that could not have been discovered earlier. Furthermore, less than a month passed from the time

6
18cv1271-LAB (RBB)

440 U.S. 147, 153–54 (1979)). It protects various important public and private interests, such as judicial economy, avoiding inconsistent results, shielding litigants from harassment by repetitive actions, and promoting finality. *Montana*, 440 U.S. at 153–54; *Mycogen*, 28 Cal.4th at 897.

There is no question that requirements for application of res judicata are met to most of Dickens' claims, and she admits as much. (*See* Opp'n to Mot. to Dismiss (Docket no. 8) at 8:3–9:1.) Instead, she argues that it does not apply to three new claims she added in her new case, for breach of written contract, breach of the implied covenant of good faith and fair dealing, and cancellation of written instruments. She argues that these are new claims whose factual basis could not have been discovered earlier, and that the doctrine of fraudulent concealment provides an exception to res judicata. She then argues that because of "fraudulent concealment," the "manifest injustice" exception to res judicata applies and her entire case should be allowed to go forward. (*Id.* at 9:7–16.) She also appears to be arguing that the presence of three new claims salvages the rest of her claims too. (*Id.* at 9:1.)

The biggest problem with this argument is that Dickens' new complaint is essentially a rehash of her old one. The general factual allegations are virtually identical. The old complaint's introductory section has two paragraphs not found in the new one, and the new complaint has two paragraphs (which are later repeated) not found in the old one. But none of the differences are really substantial, nor are they based on any new facts.

Moreover, the factual allegations in support of each of the three claims consist of repetitions of earlier allegations, or unsupported conclusions. The new complaint does not support the three new claims with any new facts at all. It makes some new conclusory allegations about Defendants' nefarious and fraudulent intent. But there is not even one new fact, much less a fact that could not have been discovered earlier. Furthermore, less than a month passed from the time

Dickens failed to amend and judgment was entered, and the time she filed this new complaint. Whatever she believes she discovered in that brief interim is not mentioned in her new complaint or in her opposition to the motion to dismiss.

What Dickens may mean is that she has new ideas about why Defendants are liable. But applying new legal theories to old facts, or recharacterizing claims is not a way around res judicata. The well-established principle that claims that could have been litigated in the earlier action are also barred prevents it.

All of Dickens' claims were either actually litigated, or could have been litigated in the earlier action. The Court holds that all of her claims are therefore barred by res judicata, and must be dismissed with prejudice.

**Discussion: Failure to State a Claim**

Even if the Court were not dismissing her claims for this reason, her complaint would be subject to dismissal without leave to amend, for failure to state a claim. The new complaint suffers from the same defects as the old one. Even liberal construction cannot salvage them. The heart of Dickens' complaint is that Wells Fargo was not the beneficiary of the note, and NBS Default Services was not properly appointed as trustee. Therefore, she thinks, they were not entitled to conduct the non-judicial foreclosure on her house. But as in the earlier case, the judicially-noticed documents show otherwise. They show that Wells Fargo was the beneficiary, and completely undercut Dickens' claims. Even after these and other defects were all pointed out to Dickens, she could not successfully amend. Furthermore, the fact that she quickly refiled in state court bespeaks forum shopping to avoid another adverse ruling here.

Dickens was given an opportunity to amend after having her complaints' defects pointed out to her, and has not only failed, but without explanation has refused to do so. This suggests she could not do so no matter how much time or how many opportunities she was given. Nor have her pleadings suggested any way that she could successfully amend. Even if Dickens' claims were not being

7

dismissed as barred by res judicata, they would be dismissed with prejudice for failure to state a claim. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (a court may deny leave to amend when the plaintiff has been given a previous opportunity to cure the defects and failed to do so); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir.1980) (a court's discretion to dismiss a case with prejudice is especially broad "when the court has already given a plaintiff one or more opportunities to amend his complaint.").

**Conclusion and Order**

Dickens' claims are all barred by res judicata. And even if they were not, her complaint does not state a claim and cannot be successfully amended. The motion to dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: February 22, 2019

Hon. Larry Alan Burns
Chief United States District Judge